**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kent Terry, et al., | No. CV-12-02659-PHX-DGC |
| Plaintiffs, | **ORDER** |
| v. | |
| William Newell, et al., | |
| Defendants. | |

The United States has moved to substitute itself as a defendant with respect to the cross-claim of Defendants Lone Wolf Trading Company, LLC and Andrew L. Howard ("Cross-Claimants") against Defendants Emory Hurley, William Newell, David Voth, Hope McAllister, Tonya English, William McMahon, and George Gillett ("Cross-Defendants"). Doc. 61. For the reasons set forth below, the Court will grant the United States' motion.

Cross-Claimants allege that their cross-claim arises out of the "same transaction or set of occurrences" as described in Plaintiffs' complaint (doc. 48, ¶ 54), and that "[b]ut for [Cross-Defendants'] actions in soliciting and encouraging the assistance of [Cross-Claimants] in making the sales of weapons, Cross-Claimants would not have made" the sales that are the subject of the Plaintiffs' complaint (*id*., ¶ 67).

The Federal Employees Liability Reform and Tort Compensation Act ("Westfall Act") provides that a claim against the United States under the Federal Tort Claims Act is the exclusive remedy for persons seeking to recover damages for any "negligent or

1    wrongful act or omission of any employee of the Government while acting within the

2    scope of his office or employment." 28 U.S.C. § 2679(b)(1). All other "civil action[s] or

3    proceeding[s] . . . against the employee or the employee's estate [are] precluded without

4    regard to when the act or omission occurred." *Id*. Under the Westfall Act, "federal

5    employees receive absolute immunity from suit for their negligent or wrongful act[s] or

6    omission[s] while acting within the scope of [their] office or employment." *Jackson v.*

7    *Tate*, 648 F.3d 729, 735 (9th Cir. 2011) (internal quotations omitted). The Westfall Act

8    grants the Attorney General authority to certify that a federal employee was acting within

9    the scope of his or her employment at the time in question. If the Attorney General

10   makes such a certification, the United States must be substituted as the defendant. *Id*. at

11   735. The Attorney General has delegated authority to certify scope of employment to

12   any Director of the Torts Branch, Civil Division. *See* 28 C.F.R. § 15.4(a).

13          A Director of the Torts Branch, Civil Division, has certified that the actions taken

14   by Cross-Defendants were within the scope of their employment. The Court concludes,

15   therefore, that the United States must be substituted in place of Cross-Defendants with

16   respect to the cross-claim filed by Cross-Claimants.

17          **IT IS ORDERED** that the United States' motion for substitution (Doc. 61) is

18   **granted**.

19          Dated this 15th day of November, 2013.

20

21

22

23                                              David G. Campbell
                                                United States District Judge

24

25

26

27

28