**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kent Terry, et al., | No. CV-12-02659-PHX-DGC |
| Plaintiffs, | **ORDER** |
| v. | |
| William Newell, et al., | |
| Defendants. | |

Plaintiffs have filed a motion for entry of final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. Doc. 74. The motion is fully briefed and no party has requested oral argument. The Court will grant the motion.[1]

**I.   Background Facts.**

Plaintiffs are the parents of Border Patrol Agent Brian Terry, who was killed while on duty in the Arizona desert on December 15, 2010. Defendant Emory Hurley is an Assistant United States Attorney. Defendants William Newell, George Gillett, David Voth, Hope McAllister, Tonya English, and William McMahon are agents and officers with the United States Department of Alcohol, Tobacco, Firearms and Explosives ("ATF Defendants"). Defendant Lone Wolf Trading Company was sued by Plaintiffs along with its owners, Andre and Jane Doe Howard ("Lone Wolf Defendants").

On November 15, 2013, the Court granted a motion to dismiss filed by Defendant Hurley and the ATF Defendants (collectively, "the Federal Defendants"). Doc. 68.

---

[1] The ATF Defendants have not filed a response, but Defendant Hurley has filed a response that represents the interests of all Federal Defendants.

Because Plaintiffs still have claims pending against the Lone Wolf Defendants, the order did not dispose of all claims in this matter. The Lone Wolf Defendants also have asserted cross-claims against Cross-Defendant United States of America.

## II. Legal Standard.

Rule 54(b) provides that when more than one claim for relief is presented in an action, or when multiple parties are involved, the district court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties "only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). Judgment under Rule 54(b) is appropriate where there are distinct and severable claims and where immediate review of the adjudicated claims will not result in later duplicative proceedings at the trial or appellate level. *See Wood v. GCC Bend, LLC*, 422 F.3d 873, 878-89 (9th Cir. 2005). Judgment under Rule 54(b) is not appropriate in routine cases where the risk of "multiplying the number of proceedings and of overcrowding the appellate docket" outweighs "pressing needs . . . for an early judgment." *Morrison-Knudsen Co. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981).

## III. Analysis.

Plaintiffs seek to appeal the Court's dismissal of their *Bivens* claims against the Federal Defendants. Doc. 74 at 2. The Lone Wolf Defendants agree with Plaintiffs' motion. Doc. 75. Doc. 76. The Federal Defendants argue that the prospect of multiple appeals weighs against granting Plaintiffs' motion. Doc. 76 at 3. In addition, because all claims arise out of weapons transactions alleged to have occurred during Operation Fast and Furious, the Federal Defendants argue that this is not a case where separate appeals may be justified by separable claims. *Id*.

The first requirement for a Rule 54(b) certification is satisfied. The Court has finally and completely resolved Plaintiffs' *Bivens* claims against the Federal Defendants. *Wood*, 422 F.3d at 878.

The Court must next determine whether "there is any just reason for delay." *Id*. This in turn implicates "the historic federal policy against piecemeal appeals." *Id.*

Relevant factors include (1) whether a Rule 54(b) judgment would result in unnecessary appellate review; (2) whether the claims finally adjudicated are separate, distinct, and independent of other claims; (3) whether appellate review of the adjudicated claims could be mooted by future developments in the case; and (4) whether an appellate court would have to decide the same issues more than once if there were subsequent appeals. *Id*. at 878 n. 2.  These factors favor a Rule 54(b) certification.

First, certification will not result in unnecessary appellate review.  Plaintiffs clearly intend to appeal the Court's *Bivens* ruling, and that ruling addresses a novel issue that has not been decided by the Ninth Circuit.  Appellate review is necessary.

Second, Plaintiffs' *Bivens* claims against the Federal Defendants are separate and distinct from their state law claims against the Lone Wolf Defendants.  Although the claims arise out of the same complex of facts, they are completely separate legal theories against different kinds of defendants.

Third, review of the *Bivens* claims will not be mooted by any future developments in the case.  The Court can foresee no ruling on the claims related to the Lone Wolf Defendants that will alter or affect its ruling on the *Bivens* claims against the Federal Defendants.

Fourth, the appellate court will not be required to decide the same issues more than once if there are subsequent appeals.  Any appeal related to the claims against the Lone Wolf Defendants will not raise the *Bivens* issue that resulted in dismissal of the Federal Defendants and that Plaintiffs wish to appeal.

**IT IS ORDERED** that Plaintiffs' motion for entry of final judgment under Rule 54(b) (Doc. 74) is **granted**.  Final judgment is entered in favor of the Federal Defendants for reasons stated in the Court's previous order (Doc. 68).

Dated this 13th day of January, 2014.

*David G. Campbell*
—————————————————
David G. Campbell
United States District Judge