**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kent Terry, et al., | No. CV-12-02659-PHX-DGC |
| Plaintiffs, | **ORDER** |
| v. | |
| William Newell, et al., | |
| Defendants. | |

Defendant and Crossclaimant Lone Wolf Trading Company, L.L.C. ("Lone Wolf") has filed a Motion to Amend its Answer and Crossclaim. Doc. 95. The motion is fully briefed and no party has requested oral argument. The Court will grant in part and deny in part Lone Wolf's motion.

**I.    Background.**

Plaintiffs instituted this action on December 13, 2012, seeking recovery for the death of Border Patrol Agent ("BPA") Brian Terry who was killed by Mexican drug cartel operatives while on duty in the Arizona desert on December 15, 2010. Doc. 1. Plaintiffs sued Assistant United States Attorney Emory Hurley and ATF Agents William Newell, George Gillett, David Voth, Hope McAllister, Tonya English, and William McMahon ("Individual Defendants") alleging violations of BPA Terry's substantive due process rights under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). Plaintiffs alleged that the Individual Defendants formulated and executed "Operation Fast and Furious," which facilitated the distribution of firearms to dangerous

criminals through a process known as "gunwalking." Plaintiffs also sued Lone Wolf under negligence, wrongful death, and negligence *per se* theories, alleging that Lone Wolf was the source of the guns used to kill BPA Terry. In an order dated June 14, 2013, the Court held that Plaintiffs had failed to state a *Bivens* claim against the Individual Defendants. Doc. 68. That decision is now on appeal.

On May 17, 2013, Lone Wolf filed a crossclaim against the Individual Defendants. Doc. 48. Pursuant to the Federal Employees Liability Reform and Tort Compensation Act of 1988 ("FELRTCA"), the government filed a motion on August 20, 2013 to substitute itself for the Individual Defendants with respect to Lone Wolf's crossclaims. Doc. 61. The Court granted the motion on November 18, 2013. Doc. 70.

On March 19, 2014, Lone Wolf filed the current motion to amend its answer and crossclaim. Doc. 95. The motion seeks to assert a specific *Bivens* claim as well as additional state law claims. The government and the Individual Defendants oppose the motion.

## II. Legal Standard.

"Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "In exercising its discretion[,] . . . 'a court must be guided by the underlying purpose of Rule 15 – to facilitate decision on the merits rather than on the pleadings or technicalities. . . . Thus, 'Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality.'" *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987) (citations omitted). "This liberality . . . is not dependent on whether the amendment will add causes of action or parties." *DCD Programs, LTD. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).

Motions to amend should be granted unless the district court determines that there has been a showing of (1) undue delay, (2) bad faith or dilatory motives on the part of the movant, (3) repeated failure to cure deficiencies by previous amendments, (4) undue prejudice to the opposing party, or (5) futility of the proposed amendment. *Foman*, 371

U.S. at 182. "Generally, this determination should be performed with all inferences in favor of granting the motion." *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). The party opposing amendment bears the burden of showing a reason for denying a motion to amend. *DCD Programs*, 833 F.2d at 187.

**III. Analysis.**

The Individual Defendants and the government oppose Lone Wolf's motion to amend its crossclaim, but not the request to amend its answer. Docs. 99, 100. The Court therefore will grant the motion to amend the answer and address the opposition to the proposed new crossclaims.

    **A. Proposed Crossclaims Against the Government.**

The United States argues that each of the proposed new crossclaims is futile. Doc. 100 at 4. The new claims include assumption of duty, negligent retention of agents, negligent failure to follow regulations, breach of a "special duty" owed to Lone Wolf, and a *Bivens* claim. *Id*. The Court will address the *Bivens* and tort claims separately.

        **1. *Bivens* Claim.**

The Federal Tort Claims Act ("FTCA") waives the sovereign immunity of the government with respect to certain tort claims, but not with respect to *Bivens* claims. *See Federal Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 476-77 (1994) (finding that constitutional tort claims are not cognizable under the FTCA's waiver of sovereign immunity); *Cato v. United States*, 70 F.3d 1103, 1111 (9th Cir. 1995) (the United States has not rendered itself liable under the FTCA for constitutional tort claims). Thus, the proposed *Bivens* crossclaim against the government is barred by sovereign immunity and therefore futile.

The fact that the government substituted into this action on behalf of the Individual Defendants does not alter this conclusion. The government was substituted only with respect to Lone Wolf's crossclaims (Docs. 61, 70), and Lone Wolf had not at that time asserted a *Bivens* crossclaim against the Individual Defendants. Although Lone Wolf argues that it asserted such a claim in its original crossclaim, it did not. The

original crossclaim includes this allegation: Crossclaimants "incorporate by this reference the full content of that Complaint alleging illegal, inappropriate, negligent, substantive due process claims under Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971). In all regards, the allegations of wrongdoing, illegal and inappropriate conduct against Cross-Defendants are herein incorporated by that reference." Doc. 48, ¶ 53. This statement may have attempted to incorporate Plaintiffs' *Bivens* claim by reference, but that claim asserted violations of Plaintiffs' constitutional rights, not Lone Wolf's constitutional rights. The original crossclaim included no separate assertion of Lone Wolf's constitutional rights and thus stated no *Bivens* claim on behalf of Lone Wolf. Doc. 48.[1]

In addition, the government could not have substituted into this case for purposes of any *Bivens* claim against the Individual Defendants. The FELRTCA specifically precludes substitution for that purpose. *See* 28 U.S.C. § 2679(b)(2)(A) (the statute "does not extend or apply to a civil action against an employee of the Government which is brought for a violation of the Constitution of the United States[.]").

In summary, the government did not substitute into the defense of an existing *Bivens* claim and it is protected by sovereign immunity from the *Bivens* claim asserted in the proposed new crossclaim. The Court accordingly will deny the motion to amend with respect to the *Bivens* crossclaim against the government.

### 2. Tort Claims.

The government argues that all of the new tort claims are futile because Lone

---

[1] Lone Wolf argues that this point was never asserted by the Individual Defendants in a motion to dismiss the original crossclaim and that the original *Bivens* crossclaim, even if defectively pled, therefore remained in the case. Given this fact, Lone Wolf argues, either the government substituted into the *Bivens* claim or the Individual Defendants remained in the case for purposes of the *Bivens* claim and any pleading defect has now been corrected by the amended crossclaim. The Court cannot accept this argument for two reasons. First, incorporation of the Terry Plaintiffs' claim that *their* constitutional rights were violated did not put the Individual Defendants, the government, or the Court on fair notice that Lone Wolf was asserting a violation of *its* quite separate constitutional rights – rights never mentioned in the original crossclaim. Second, even if it were assumed that the Individual Defendants remained in the case for purposes of a *Bivens* crossclaim, the proposed new crossclaim, as explained below, does not name them as cross-defendants; it is brought solely against the government.

Wolf has not exhausted administrative remedies as required by the FTCA. Doc. 100 at 4. In order to assert tort claims against the government, a plaintiff must first exhaust available administrative remedies. 28 U.S.C. § 2675(a); *see Ibrahim v. United States*, 538 F.3d 1250, 1258 (9th Cir. 2008) ("[The FTCA] only waives sovereign immunity if a plaintiff first exhausts his administrative remedies."); *Vacek v. U.S. Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006) ("[T]he exhaustion requirement is jurisdictional in nature and must be interpreted strictly."). The FTCA contains an exception to the exhaustion requirement for crossclaims, 28 U.S.C. § 2675(a), but the government argues that the exception does not apply because crossclaims may be asserted only against a "coparty" under Rule 13(g) of the Federal Rules of Civil Procedure and the government is not a coparty. Doc. 100 at 5-6.

### a. Meaning of "Coparty" Under Rule 13(g).

Rule 13(g) provides that "[a] pleading may state as a crossclaim any claim by one party against a coparty if the claim arises out of the same transaction or occurrence that is the subject matter of the original action or of a counterclaim, or if the claim relates to any property that is the subject matter of the original action." Fed. R. Civ. P. 13(g). The government does not dispute that Lone Wolf's crossclaim arises out of the same occurrence that is the subject of Plaintiffs' original action. Instead, the government asks the Court to conclude that it and Lone Wolf are not coparties within the meaning of Rule 13(g). Doc. 100 at 10. If the government and Lone Wolf are not coparties, then Lone Wolf's tort claims are not proper crossclaims under Rule 13(g) and the exception to the exhaustion requirement does not apply.

The government argues that it is not a typical coparty because it was not joined as a defendant by Plaintiffs, nor could it have been.[2] Doc. 100 at 10. Instead, the government was substituted in place of the Individual Defendants as to Lone Wolf's state law indemnification claims. As a result, the government argues, it entered the case to

---

[2] Plaintiffs were precluded from asserting any tort claims against the United States by provisions of the Federal Employees Compensation Act, 5 U.S.C. §§ 8102(a), 8116(c).

- 5 -

1  defend against Lone Wolf's state law indemnification claims, but not as an all-purpose
2  coparty against which Lone Wolf can assert additional crossclaims.

3  Rule 13 does not define the term "coparty." Although courts agree that the term
4  extends to parties that stand in the same litigant posture – co-plaintiffs, co-defendants, or
5  co-third-party defendants – courts have split on whether the term extends to parties who
6  are on the same side of the case but at different party levels. For example, courts have
7  differed on whether an original defendant can assert a crossclaim under Rule 13(g)
8  against a third-party defendant; they may be on the same side of the case, but they are at
9  different party levels.

10  Courts adopting a narrow definition conclude that a coparty must be a party of
11  "like status." Under this reading, Rule 13(g) allows crossclaims only between parties on
12  the same side of the case and at the same level of an action. *See, e.g.*, *Trs. of U.A. Local*
13  *159 Health & Welfare Trust Fund v. Ruiz Bros. Preferred Plumbing, Inc.*, No. C 09-2397
14  PJH, 2010 WL 2889477, at *4 (N.D. Cal. Jul. 22, 2010) ("[C]rossclaims are properly
15  asserted against only a co-party with like status, such as a co-defendant.") (internal
16  quotation marks and citation omitted); *Int'l Paving Sys. v. Van-Tulco, Inc.*, 866 F. Supp.
17  682, 695 (E.D.N.Y. 1994) (disallowing a crossclaim by an original defendant against a
18  fourth-party defendant); *Murray v. Haverford Hosp. Corp.*, 278 F. Supp. 5, 6-7 (E.D. Pa.
19  1968) (dismissing crossclaims of defendants against a third-party defendant).

20  Other courts construe the term "coparty" more broadly to encompass any party
21  that is not an opposing party. *See, e.g.*, *Luyster v. Textron, Inc.*, 266 F.R.D. 54, 64
22  (S.D.N.Y. 2010) (construing coparty to encompass any party that is not an opposing
23  party); *Mauney v. Imperial Delivery Servs., Inc.*, 865 F. Supp. 142, 153-54 (S.D.N.Y.
24  1994) (construing coparty broadly); *Earle M. Jorgenson Co. v. T.I. U.S., Ltd.*, 133 F.R.D.
25  472, 475 n.10 (E.D. Pa. 1991) (allowing a crossclaim by an original defendant against a
26  third-party defendant).

27  The Court finds the reasoning of *Luyster* and similar cases to be more persuasive.
28  The broad interpretation of Rule 13(g) comports with the structure of the federal rules,

which envisions three types of claims that may be asserted by defendants – Rule 13(a) counterclaims against opposing parties, Rule 14(a) third-party claims against nonparties, and Rule 13(g) crossclaims against coparties. *Luyster*, 266 F.R.D. at 62. The narrow interpretation conflicts with this structure and the efficient disposition of litigation by permitting the anomalous situation of a defendant being unable to bring a factually-related claim against another party in the same case because the other party is at a different party level on the same side of the case and therefore is not a coparty subject to a crossclaim under Rule 13(g), is not a nonparty subject to a third-party claim under Rule 14(a), and is not an opposing party subject to a counterclaim under Rule 13(a). *Id.* at 63. Cases adopting the narrow reading rely on language in Rule 14(a)(2)(B) for their conclusion, but the Court finds that the narrow reading places too much weight on the language in an adjacent rule. The term "coparty" in Rule 13(g) must be read in the context of Rule 13 and the structure of the federal rules, and must, under Rule 1, be "construed . . . to secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1. The broad reading of "coparty" more closely satisfies this requirement. Applying the broad reading, the Court concludes that the government is a coparty for purposes of Rule 13(g).

### b. The Government's Other Arguments.

The government seems to argue that it substituted into this case only for a limited purpose and therefore does not stand in the same position as the Individual Defendants. Doc. 100 at 11. The Court is not persuaded by this argument.

The government was substituted for the Individual Defendants pursuant to the FELRTCA. Docs. 61, 71; 28 U.S.C. § 2679(d)(1). Under the terms of that statute, substitution of the government as a cross-defendant leaves Lone Wolf with a single avenue of recovery, the FTCA. 28 U.S.C. §§ 1346, 2671 *et seq.*; *Green v. Hall*, 8 F.3d 695, 698 (9th Cir. 1993). Although §§ 2679(b)(2)(A) & (B) restrict the types of claims for which the government may be substituted, the provisions permitting substitution place no restriction on the type of claim that may be asserted against the government once

substituted. To the contrary, § 2679(d)(4) provides that "any action or proceeding" in which the government has been substituted for an employee defendant "shall proceed in the same manner as any action against the United States filed pursuant to section 1346(b)," suggesting that the government substitutes into an action as an all-purpose defendant subject to any available claims not barred by the FTCA. In light of §§ 2679(d)(1) and 2769(d)(4), the Court concludes that the government is susceptible to any additional crossclaims that may be asserted consistent with § 1346(b) and the FTCA.

The government seems to argue that (a) it could never have been sued by Plaintiffs on a *Bivens* claim, (b) it entered the case only as a defendant with respect to Lone Wolf's crossclaims, and (c) it therefore is an opposing party with respect to Lone Wolf, not a coparty subject to crossclaims under Rule 13(g). Although this argument has some logical appeal, it overlooks the fact that the government substituted into this case for the Individual Defendants who clearly were coparties of Lone Wolf for purposes of Rule 13(g), and did so at a time when they had been named in Lone Wolf's crossclaims. It therefore assumed their status as coparties for purposes of Rule 13(g).

The fact that the *Bivens* claim against the Individual Defendants was dismissed does not alter this fact. It is hornbook law that dismissal of the original claim against a coparty does not require that a timely asserted crossclaim be dismissed. 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1431 (3d ed. 1998); 1 Steve S. Gensler, Federal Rules of Civil Procedure, Rules and Commentary Rule 13, 284 (2014 ed.); *see, e.g.*, *Adams v. NVR Homes, Inc.*, 135 F. Supp. 2d 675, 708 (D. Md. 2001) (finding that defendant could maintain crossclaim against a codefendant even after the codefendant was dismissed as a defendant following settlement with plaintiffs). Therefore, although Plaintiff's *Bivens* claims against the Individual Defendants have been dismissed, Lone Wolf's crossclaims remain viable and are now asserted against the government as the entity that substituted into the case and assumed the liability of the Individual Defendants. If Lone Wolf is free to pursue the existing crosslaims against the government – a fact the government does not dispute – it also may

assert new crossclaims against the government consistent with the FTCA and Rule 15.

In summary, the Court concludes that the government is a coparty under Rule 13(g) and, as a result, that the claims proposed by Lone Wolf are proper crossclaims. Because crossclaims are not subject to the exhaustion requirement of the FTCA, the government's futility argument fails. Lone Wolf's motion to add state-law crossclaims against the government will be granted.

### B. Individual Defendants.

Lone Wolf's proposed new crossclaims are asserted only against the government. The crossclaims name "defendant United States" or "cross-defendant United States" and assert no claims against the Individual Defendants. *See, e.g.*, Doc. 95-1, ¶¶ 103-04, 113. Lone Wolf argues in its reply that the Individual Defendants may be "obliged to defend the *Bivens* claims" while the government may defend the state-law indemnification claims (Doc. 104 at 2, 8), but none of the proposed crossclaims names the Individual Defendants, and Lone Wolf cannot amend the proposed crossclaims by assertions in its reply brief.

The Individual Defendants argue that they are no longer parties to this litigation. Doc. 99 at 6. The Court agrees. As explained above, Lone Wolf failed to assert its own *Bivens* claim against them in its original crossclaim and the government substituted into the case for purposes of all other crossclaims. The Individual Defendants were thereby eliminated from the crossclaims. Because Plaintiffs' only claim against them has also been dismissed, the Individual Defendants are no longer parties to this suit.

What is more, Lone Wolf may not bring the Individual Defendants back into the case through a third-party claim under Rule 14. With the government having substituted into the case for purposes of all state-law claims against the Individual Defendants, the only possible claim Lone Wolf could assert against the Individual Defendants would be a *Bivens* claim. Such a claim, however, would assert Lone Wolf's own constitutional rights, would not be dependent on the outcome of Plaintiffs' claims against Lone Wolf, and therefore would not be a derivative claim as required for Rule 14. *Stewart v. Am.*

*Int'l Oil & Gas Co.*, 845 F.2d 196, 199 (9th Cir. 1988) ("a third-party claim may be asserted only when the third party's liability is in some way dependent on the outcome of the main claim and is secondary or derivative thereto").

Because the crossclaims do not name the Individual Defendants and could not be asserted against them in any event, the motion to amend will be denied to the extent Lone Wolf seeks to assert crossclaims against the Individual Defendants.

**IT IS ORDERED** that Lone Wolf's Motion to Amend (Doc. 95) is **granted in part and denied in part**. The motion to amend the answer and to assert additional state law crossclaims against the government is granted, and the motion to assert a *Bivens* claim against the government and the Individual Defendants is denied.

Dated this 8th day of July, 2014.

David G. Campbell
United States District Judge